108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sammy TRIPLETT, Defendant-Appellant.
 No. 96-3420.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 4, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Sammy Triplett was convicted of conspiracy to possess (with intent to distribute) cocaine and cocaine base, and of using or carrying a firearm during and in relation to a drug trafficking offense. His conviction was affirmed on direct appeal. After the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995), Triplett sought and obtained relief from the firearms conviction under 28 U.S.C. § 2255. The district court then resentenced him on the conspiracy charge, imposing a more severe sentence than had been meted out in the first instance for the conspiracy charge alone, though less than the court had imposed for the combination of drug and firearms offenses.
 
 
 2
 Triplett's appointed counsel has filed a motion to withdraw, concluding that an appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). Counsel's Anders brief considers two potential appellate issues. The first is whether a district court possessed statutory or constitutional authority to increase the sentence for one offense when resentencing a defendant after vacating a conviction. Arguments of this kind were addressed in United States v. Smith, 103 F.3d 531 (7th Cir.1996), and resolved adversely to Triplett's position. Repetition would be frivolous.
 
 
 3
 The other potential appellate issue is whether the district court should have reduced Triplett's offense level by two under U.S.S.G. § 3B1.2, treating his as a minor role. The district court found that Triplett was more like a full partner in the criminal venture than like a minor player, and therefore was not substantially less culpable than the other conspirator. The record shows that Triplett and his co-conspirator shared the apartment out of which the drugs were distributed. Police found drugs and a balance on the living room table, and crack cocaine in a pair of Triplett's jeans. The record shows that Triplett had access to at least two guns. Given this record, and the district court's conclusions, we agree with counsel's assessment that an appeal would be frivolous.
 
 
 4
 We grant counsel's motion to withdraw, and we dismiss the appeal as frivolous.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)